No. 85.—John F. and Robert Boyd, administrators, &c. plaintiffs in error, *vs.* William Clements, guardian, &c. defendant.

[1.] The 4th Common Law Rule of Practice is not applicable to causes in Equity.

[2.] When a cause in Equity is pending, and the pleadings are made up and the issues joined, the complainant is not entitled to amend, as à matter of right, but amendments will be allowed, in the discretion of the Court, upon special cause shown.

[3.] *Surprise* is good special cause for the allowance of an amendment.

In Equity, in Muscogee Superior Court. Tried before Judge Alexander, May Term, 1850.

On the trial of this cause on the appeal, after the proofs and pleadings were submitted to the Jury, the complainants' counsel opened his case to the Jury, insisting on various errors in the returns of the intestate of Robert and John F. Boyd to the Court of

Ordinary, on the estates for which his administrators were now called to account. Defendant's counsel replied and insisted before the Jury, that under the pleadings, these errors could not be insisted on. Counsel for complainant then stopped counsel for defendants, and insisted on a verbal agreement dispensing with any such allegations in the bill, which being denied, counsel for complainant moved for a continuance, on the ground of surprise, in order that the bill might be amended. The Court granted the motion, and this decision is assigned for error.

The Court then granted an order, allowing the bill to be amended on the showing by counsel of his understanding of the verbal agreement; and this decision is also assigned for error.

G. E. Thomas and W. Dougherty, for plaintiffs in error.

H. Holt, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The 4th Common Law Rule of Practice does not apply to causes in Equity, and the complainant was not entitled to an amendment in this case as a matter of right.

[2.] Amendments to bills pending on the appeal, are not allowable but in the discretion of the Court; and when the pleadings are made up, and the issues joined, that discretion will not be exercised to grant amendments but upon special cause shown. *Berry vs. Mathews,* 7 *Geo. R.* 457. *Georgia R. R. & Banking Co. vs. Milner & Co.* 8 *Geo. R.* 315.

[3.] In this case, the cause shown is *surprise,* and our judgment is, that the presiding Judge properly allowed the amendment, and also the continuance for the purpose of the amendment.

Let the judgment be affirmed.